## Zlotnick v. Eastern Air Lines

*Fred Lowenschluss*, for plaintiff.
*David L. Steck*, for defendant.
*Thomas R. Harrington*, for additional defendant.

CORTESE, Prothonotary, June 5, 1973.—Defendant

airline lists seven exceptions to plaintiff's bill of costs. We direct our attention to the last one first: "Rule 308 [i.e., Pa. R.C.P. ★308(a)] requires that a Bill of Costs must be verified by affidavit, but none was contained with the subject Bill of Costs."

The bill of costs as filed of record concludes, "I hereby certify that the above costs have been incurred and that the witness was present to testify." It is signed by plaintiff's counsel, who maintained at the hearing that these words, founded firmly on the rock of his oath as an attorney-at-law, are sufficient to withstand the undermining effect of literal non-compliance with the rule.

Ballentine's Law Dictionary, 3rd edition, 1969, defines "verify" as, inter alia, "To substantiate the truth of a statement or of an account by formal oath." An "affidavit" is a "statement reduced to writing, and sworn to or affirmed before some person legally authorized to administer an oath or affirmation." To "certify" is simply "to authenticate by a certificate; to vouch for a thing in writing; . . . an authoritative attestation."

We find it hard to reason that when Pennsylvania Rules of Civil Procedure ★308(a) specifies: "The bill shall be verified by the affidavit of the party filing it, or his agent or attorney," it was intended to mean anything less than substantiating its truth by formal oath in writing before a person legally authorized, not merely "authenticating" or "vouching for" it or making an "authoritative attestation." It seems also hard to imagine that when counsel took his oath of loyalty to Constitution, court and client, he thereby "verified by affidavit" every written statement that he would thereafter make throughout his professional career. To entertain such reasoning would open still another

door for both present and future generations to the popular and progressive relaxation of well founded rules. Rules, from the Decalog on down, must be relaxed, amended or repealed only by the authority that originally enacted them. We have found no adequate authority in Pennsylvania or elsewhere bearing on the issue raised here, so must sustain exception no. 7 with the unfortunate result that the whole bill of costs must fall.

The bill of costs is, accordingly, disallowed.